SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 South Melrose Drive, Suite 209
Vista, CA 92081
Ph: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff
NASRIN SHAPOURI

# U.S. DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASRIN SHAPOURI, an individual,<br><br>     Plaintiff,<br><br>     vs.<br><br>JP MORGAN CHASE BANK; and DOES 1-10,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>  1. **TELEPHONE CONSUMER PROTECTION ACT,**<br>  2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, an individual, by and through her attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, through her attorneys, brings this action to challenge the actions of Defendant JP MORGAN CHASE BANK (hereinafter "CHASE") for unlawful

harassment in connection with alleged debt collection activity, and for calling Plaintiff's wireless cellular telephone multiple times—without prior express consent—by utilizing an automatic telephone dialing system (ATDS) and pre-recorded and artificial voice messages, and for persisting in calling her despite her written instructions to the contrary.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

1 *Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (emphasis added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

6. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

**JURISDICTION & VENUE**

7. This action partially arises out of Defendant CHASE's violations of the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012)); and State of California causes of action, over

1 which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

2     5.    Because Defendant regularly does business in the County of Los Angeles, State of California and maintains an agent for service of process at CT CORPORATION SYSTEM, 818 West Seventh Street, Suite 930, City of Los Angeles, State of California, personal jurisdiction is established.

    6.    Because all tortious conduct occurred while Plaintiff resided in the County of Los Angeles, and witnesses are located within this location, venue properly lies in this court.

## PARTIES & DEFINITIONS

    7.    Plaintiff is a natural person.

    8.    Defendant CHASE regularly does business in the State of California by issuing lines of credit to California residents and regularly contacting residents therein in attempt to collect upon the lines of credit.

    9.    Plaintiff is a natural person, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

    10.    Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act, as she is alleged to owe financial obligations to Defendant arising out of a line of personal credit issued by Defendant for use in her personal life.

    5.    The credit extended by Defendant constitutes a "consumer credit transaction", as that term is defined by California Civil Code § 1788.2(e) of the

4
**Complaint for Damages**

1 Rosenthal Act, because finances were provided as a line of personal credit in exchange for her re-paying to Defendant the principal plus interest in the future.

6. Because Plaintiff, a natural person, was allegedly obligated to pay money to Defendant for a line of personal credit, the money allegedly owed was therefore both a "consumer debt" as that term is defined by California Civil Code § 1788.2(f) of the Rosenthal Act and a "debt" as that term is defined by California Civil Code § 1788.2(d) of the Rosenthal Act.

7. Defendant, in the ordinary course of business, regularly, and on behalf of themselves, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by California Civil Code section 1788.2(b) of the Rosenthal Act.

8. Because Defendant engages in "debt collection", Defendant is therefore a "debt collector" as that term is defined by California Civil Code section 1788.2(c) of the Rosenthal Act.

9. With regards to the TCPA cause of action, Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11. Sometime in August of 2015, Plaintiff went to Iran to visit family.

12. While in Iran, Plaintiff attempted to log on to her and her husband's online account profile to pay their monthly credit card bill issued by Defendant CHASE.

13. However, Defendant CHASE has prohibited individuals from accessing their online account information online from Iran, for some unknown reason.

14. When Plaintiff tried to access the account online from Iran, Defendant CHASE froze the account and locked the online profile so that neither Plaintiff nor her husband could log on to make the payment on time.

15. Consequently, the payment was not received for that month upon the account in a timely manner.

16. When Plaintiff returned to the United States, she began receiving multiple calls per day to her wireless cellular telephone from Defendant CHASE.

17. Plaintiff would receive three or four calls per day from Defendant CHASE.

18. Defendant's calls to Plaintiff have been placed to her wireless cellular telephone with an automatic telephone dialing system ("ATDS").

19. Every call placed to Plaintiff's cellular telephone resulted in her hearing a pre-recorded and/or artificial message informing her that the call is being placed by Defendant, which has given Plaintiff information and belief that Defendant's calls to her cellular telephone were placed with an ATDS.

20. An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers, as defined in 47 U.S.C. § 227(a)(1)(A)-(B).

Automatic telephone dialing systems place calls without human intervention until a connection is made with a person on the receiving end of the call, at which time the dialers attempt to connect the recipient with a live agent of the debt collector.

21. The calls to Plaintiff's cellular telephone were not for emergency purposes, as they were intended solely for debt collection activity, as the only basis for the calls was for Defendant CHASE to attempt to collect upon Plaintiff's husband's credit card bill.

22. After returning to the U.S., the online account remained frozen, so Plaintiff made the payment via check.

23. Despite the payment being made by Plaintiff via check, Defendant CHASE persisted in placing calls to her wireless cellular telephone with an ATDS and artificial voice messages.

24. On August 25, 2015, at 1:42 p.m., Plaintiff faxed a written letter to Defendant CHASE insisting that they stop calling her cell phone and insisted that all communication directed to her be in writing only.

25. Plaintiff has fax confirmation that this letter was delivered to Defendant CHASE.

26. However, Defendant CHASE has persisted in placing at least 17 calls to Plaintiff's wireless cellular telephone with an ATDS and artificial voice messages even after the faxed letter was delivered to Defendant on August 25th at 1:42 p.m.

27. Defendant's unlawful harassment in connection with unnecessary debt

collection activity has caused mental anguish to Plaintiff, in that she has suffered annoyance, anxiety, stress, loss of sleep, feelings of hopelessness and despair over the fact that she is being harassed by Defendant's incessant calls and refusal to honor her request to stop calling her.

## FIRST CAUSE OF ACTION
### (TCPA)
### 47 U.S.C. § 227(b)

28. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

29. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system (ATDS) and artificial voice messages to call Plaintiff's wireless cellular phone at least 17 times after Plaintiff specifically revoked in writing any prior express for Defendant to call her.

30. Since the calls were placed for debt collection attempts, the calls were not for emergency purposes.

## SECOND CAUSE OF ACTION
### CALIF. ROSENTHAL ACT
### CALIF. CIV. CODE §§ 1788-1788.32

31. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

32. By repeatedly calling Plaintiff despite her clear insistence that the calls stop, Defendant has engaged in engaged in unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA; has

communicated with her in a manner that Defendant had reason to know was not convenient to her in violation of 15 U.S.C. § 1692a(1) of the Federal FDCPA; and has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d of the FDCPA.  These violations of the FDCPA constitute violations of the RFDCPA as they have been incorporated therein by Calif. Civ. Code § 1788.17.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**<u>As to the First Cause of Action (TCPA):</u>**

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

2. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**<u>As to the Second Cause of Action (Rosenthal Act):</u>**

1. An award of actual damages for pursuant to California Civil Code section 1788.30(a), as will be proven at trial; plus

2. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for willful and knowing violations, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

3. An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

4. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code section 1788.30(c).

5. Injunctive relief to prohibit Defendants from engaging in future violations.

DATED: 09/15/2015         /s/ Jared M. Hartman, Esq.
                          JARED M. HARTMAN, ESQ.
                          Attorney for Plaintiff,

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 09/15/2015         /s/ Jared M. Hartman, Esq.
                          JARED M. HARTMAN, ESQ.
                          Attorney for Plaintiff,

**Complaint for Damages**